THE STATE, DANIEL LYNCH, PROSECUTOR, v. GEORGE
    POTT, OVERSEER OF THE POOR OF OXFORD TOWN-
    SHIP.

1.  If the jury disagree in a trial under the Bastardy act, the justice may
    issue a *venire de novo*.
2.  If the proceedings under the Bastardy act are taken in the court for
    the trial of small causes, they are void for want of jurisdiction in that
    court, and the defendant may be proceeded against under that act
    before a justice of the peace.

---

On *certiorari* in matter of bastardy.

Argued at June Term, 1895, before Justices VAN SYCKEL
and LIPPINCOTT.

For the plaintiff, *William A. Stryker.*

For the defendant, *Henry S. Harris.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The proceedings certified for review
were taken before a justice of the peace, under the Bastardy
act and the supplement thereto of 1889, authorizing one jus-
tice to hear the case.

The jury disagreed at the trial, whereupon motion was
made before the justice to dismiss the proceedings.   He denied
this motion and issued a *venire de novo*.

Two reasons for reversal are relied upon—first, that the
justice had no power to issue a *venire de novo*.

Prior to the passage of the forty-first section of the Small
Cause act, if the jury disagreed the suit abated, and it was
necessary to commence the action anew.   *Gulick* v. *Van Til-
burgh*, 1 *Harr.* 417.

The Bastardy act gives no express power to the justice to
issue a *venire de novo*, but it differs in some respects from the
Small Cause act, as it stood prior to the passage of the forty-

first section, which expressly provided for a *venire de novo* in case the jury disagreed.

Under the Bastardy act the putative father is arrested, and, if he denies the paternity of the child, it requires the justice to issue a *venire* to summon a jury to try the case. The trial is to be adjourned to any time not exceeding six weeks ; for appearance at which time the person charged must give bond or be committed to custody.

The jury is to decide whether the person so charged is the father of the child. He is to be discharged if the verdict is in his favor, but is to be committed if the verdict is against him, unless he enters into another bond as required by the act.

The statute contemplates a trial and a verdict, and makes no provision for beginning the proceedings *de novo.* There can be no complete trial until the verdict is rendered. The proceeding being instituted on behalf of the public, the act should be liberally construed to effectuate the purpose for which it was manifestly enacted. In order to indemnify the public from loss, in cases where a jury is demanded, it is necessary to have the verdict of the jury.

The justice cannot perform the duty imposed upon him by the act, unless he has authority to issue a new *venire* in case of disagreement. I think it may reasonably be implied that his power to do what is necessary to obtain a verdict continues, and is not spent until a verdict is rendered.

The ninth section of the Bastardy act, which provides " that the accusation shall be tried as in cases in courts of common law before such jury," gives some support to this view. In courts of common law a *venire de novo* may be awarded.

The second reason assigned for reversal is that the transcript shows that the trial below was in the court for the trial of small causes, and that there was no jurisdiction in that court to entertain such a case.

At the head of the transcript of the proceedings certified into this court are the words, " Court for the Trial of Small Causes before Edward W. Sharp, Esq., Justice of the Peace." The transcript says the constable returned the prisoner into

court, and that the jury reported to the court, and the transcript is certified to be a true and correct copy from the justice's docket, and is signed and sealed by him as justice of the peace.

Under the Bastardy act there is no docket of the proceedings kept; they are reduced to writing and signed by the justice.

There is nothing in the record before us to show that the proceedings were not taken in the court of small causes, and this distinguishes it from the case of *Bayles* v. *Newton*, 21 *Vroom* 549, and *S. C. in error*, 22 *Id.* 553, where the record in its material parts did not show that the case was in the court of small causes, but that it was before a justice of the peace.

The record must be accepted as decisive. The proceedings below having been taken in the court of small causes, which had no jurisdiction of the case, the *status* of the case is the same as if no proceedings had been taken under the Bastardy act. The proceedings certified must be set aside, and the party charged may be proceeded against under the Bastardy act.